[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12592
Non-Argument Calendar
_____

Agency No. A029-829-438

NSAAKO KOBINA HAYFRON,
a.k.a. Kobina Nsaako Hayfron,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(February 21, 2013)

Before CARNES, BARKETT and MARTIN, Circuit Judges.

PER CURIAM:

Nsaako Kobina Hayfron, a native and citizen of Ghana, seeks review of the

Board of Immigration Appeals' (BIA) final order affirming the Immigration

Judge's (IJ) order of removal. The BIA concluded that Hayfron was removable

under INA § 237(a)(1)(A), 8 U.S.C. § 1227(a)(1)(A), for having been "[i]nadmissible at time of entry or adjustment of status." It further concluded that Hayfron had been inadmissible at the relevant times because he sought entry into the United States by fraud and willfully misrepresented two material facts in the process of adjusting his status to lawful permanent resident. See 8 U.S.C. § 1182(a)(6)(C).

Hayfron now argues that substantial evidence does not support a number of the factual findings that the BIA made in support of its ultimate finding of removability. Specifically, he challenges the BIA's findings that he: (1) applied for admission to the United States under the Visa Waiver Pilot Program (VWPP) using a false passport; (2) willfully failed to disclose on his application for adjustment of status the fact that he had applied for admission to the United States under the VWPP using the fraudulent passport; and (3) willfully failed to disclose at the time of his adjustment of status the fact that he had been convicted of passport fraud under 18 U.S.C. § 1542. Hayfron also argues that the government had not proven by clear and convincing evidence that he was removable.

We review the BIA's factual findings under the "highly deferential substantial-evidence test," even when the government was "required to prove its case by clear and convincing evidence in the administrative forum." Adefemi v. Ashcroft, 386 F.3d 1022, 1026–27 (11th Cir. 2004) (en banc). We view the record

2

evidence in the light most favorable to the BIA's decision, drawing all reasonable inferences in favor of that decision, and "must affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Id. at 1027 (quotation marks omitted). Stated differently, we may only reverse the BIA's factual findings when the record compels such a result; "the mere fact that the record may support a contrary conclusion is not enough to justify a reversal." Id.

It is undisputed that upon arriving in the United States Hayfron possessed a fraudulent passport and a VWPP Information Form, which he had completed and signed using the identity reflected in the fraudulent passport. These facts constitute substantial evidence that supports the BIA's finding that Hayfron applied for admission to the United States under the VWPP using a fraudulent passport. Likewise, substantial evidence supports the BIA's finding that Hayfron willfully failed to disclose his conviction for passport fraud on his application for adjustment of status. Hayfron pled guilty to passport fraud in 1993, but signed an application form in 1995 representing that he had never been charged for breaking any law.[1]

---

[1] The BIA also concluded that Hayfron willfully misrepresented a material fact on his application for adjustment of status when he failed to "disclose his use of the fraudulent passport and Visa Waiver Pilot Program Information Form on May 25, 1991." Because substantial evidence supports the BIA's conclusion that Hayfron was inadmissible at the time of entry and inadmissible at the time of adjustment of status on other grounds, it is unnecessary to review this determination.

Accordingly, substantial evidence in the record supports the BIA's determination that there was clear and convincing evidence that Hayfron was inadmissible at the time of entry and adjustment of status, see 8 U.S.C. § 1182(a)(6)(C), and that he was, therefore, removable under § 1227(a)(1)(A). After a careful and thorough review of the administrative record and the parties' briefs, we deny the petition for review.

**PETITION DENIED.**